



# IN THE SUPERIOR COURT OF GUAM

ILDEFONSO PADIGOS,                      )       DOMESTIC CASE NO. DM0113-11
                                        )
                    Plaintiff,          )
                                        )       **DECISION AND ORDER**
        v.                              )
                                        )
SHEIRILL ZUNIGA VERGARA PADIGOS, )
                                        )
                    Defendant.          )
_____ )

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 13th day of April, 2012, for hearing on Plaintiff's request for the entry of default judgment against the Defendant. Attorney Vanessa Ji represented the Plaintiff, and the Defendant has not yet been served, nor made an appearance. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has requested that default judgment be entered based upon the previously obtained order(s) of the Court allowing service upon the Defendant through publication and mailing.

### A) Personal Jurisdiction

A court must have jurisdiction over a defendant's person, his or her property, or the *res* which is the subject of the suit; further, the defendant must be amenable to and must receive

service of process. These are the concepts that embody personal jurisdiction and service. A court may not enter a valid judgment in the absence of the proper exercise of personal jurisdiction. Pennoyer v. Neff, 95 U.S. 714, 716 (1877)("said judgment is *in personam*, and appears to have been given without the appearance of the defendant in the action, or personal service of the summons upon him, and while he was a non-resident of the State, and is, therefore, void"); New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 522–23 (1916); Hansberry v. Lee, 311 U.S. 32, 40 (1940)("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation . . .to which he has not been made a party by service of process.").

Traditionally, personal jurisdiction was based on the defendant's actual presence within the territorial power of a particular court. However, in more recent jurisprudence, the defendant need only have sufficient contacts with the forum so that the maintenance of a suit against him or her in a jurisdiction does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The purpose of the minimum contacts test "is to protect a defendant from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there." Phillips Petroleum Company v. Shutts, 472 U.S. 797, 807–808 (1985).

In addition to establishing minimum contacts (or jurisdiction over the *res* of the suit), before a court may exercise its power of personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326

U.S. 438, 444–45 (1946); *see also* Robertson v. Railroad Labor Bd., 268 U.S. 619, 622–23 (1925).

Prior to 1993, three prerequisites needed to be satisfied before a court could exercise personal jurisdiction over a non-resident defendant; 1) a constitutionally sufficient relationship must exist between the defendant and the forum; 2) a basis for the defendant's amenability to service of summons must exist; and 3) the procedural requirement of service of summons must be satisfied by notice to the defendant. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103–104, and n.6 (1987).

In 1987, in Omni Capital International v. Rudolf Wolff & Company, Ltd., the Supreme Court held that international service on a foreign defendant under the Commodities Exchange Act, which was silent on service in a foreign country at the time, was ineffective under former Rule 4(h), due to lack of amenability to service. The Court held:

> [B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.

Id. at 104–105.

"Amenability," therefore, means the existence of an explicit federal provision for international service or the existence of a state long-arm statute which authorizes such service. See Id.; and Mwani v. bin Laden, 417 F.3d 1, 8–9 (D.C. Cir. 2005).

However, "amenability" to service, even for foreign residents, has been substantively eliminated as an issue in cases under the Federal Rules of Civil Procedure, because in 1993, the Advisory Committee on Civil Rules replaced the former Federal Rule Rule 4(i) with what is

now Rule 4(f). Subdivision (f) of Rule 4 is a comprehensive provision for service of a summons and complaint on individuals residing in a foreign country. The history of the rule, the Practice Notes and the 1993 Advisory Committee Notes indicate that the new Rule 4(f) was drafted in response to the United States Supreme Court's decision in Omni Capital International, such that its enactment would nullify Omni's amenability requirement that there be explicit authorization by state or federal law for service outside the United States. According to the Note of the Advisory Committee: "[g]iven the substantial increase in the number of international transactions and events that are the subject of litigation in federal courts, it is appropriate to infer a general legislative authority to effect service on defendants in a foreign country." Advisory Committee on Civil Rules, Note to Subdivision (f) (1993). The texts of Rule 4(f) and (k) facilitate the use of state long-arm statutes to assert jurisdiction over defendants who cannot be served under state law, but who can be constitutionally subjected to the jurisdiction of a particular court through minimum contacts or the physical location of subject property, by legislatively authorizing service on those individuals.

Because the Guam Rules of Civil Procedure are directly derived from the 2003 Federal Rules of Civil Procedure, federal cases interpreting the rules constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3 ¶ 14, n.4. Therefore, since the 1993 amendment to the Federal Rules of Procedure and Guam's adoption of these amended rules, including Rule 4(f), in order to establish that the Superior Court of Guam has jurisdiction over a particular defendant the Plaintiff must show through its pleadings or other evidence: 1) that service of process has properly been effected; and 2) that there is a constitutionally valid basis for the exercise of personal jurisdiction by the Court.

A default judgment entered against a defendant who fails to appear cannot be enforced if the court has never established personal jurisdiction over the defendant. Bixler v. Foster, 596 F.3d 751, 761–62 (10th Cir. 2010). More significantly, a default judgment obtained against a resident of a foreign nation who is not properly served under Rule 4(f) is void for lack of personal jurisdiction and must be vacated. Shenouda v. Mehanna, 203 F.R.D. 166, 171–72 (D. N.J. 2001).

A court has an affirmative duty to *sua sponte* examine its jurisdiction over the parties when an entry of default judgment is sought against a party who has failed to plead, appear, or otherwise defend against the action, to ensure that it does not enter a void judgment. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); *accord* Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005); Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir.1997); *see also* Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213–14 (2d Cir. 2010); and In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A failure to serve process will lead to a dismissal of the action; however, the court should not resolve the question and decline to enter a default judgment without first giving the plaintiff an adequate opportunity to assert facts establishing the court's jurisdiction over the defendant. In re Tuli, 172 F.3d 707, 713 (9th Cir. 1999). The plaintiff bears the initial burden of establishing jurisdiction, but the court "ordinarily demands only a prima facie showing of jurisdiction by the plaintiff[ ]." Mwani v. bin Laden, 417 F.3d 1, 6–7 (D.C. Cir. 2005).

The Plaintiff's verified complaint and affidavit submitted in support of an order granting notice through publication and mailing are deficient in substantial respects regarding this *prima facie* showing that personal service has been effected. Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed is a resident of Guam or any

other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made in conformity with GRCP Rule 4(f).

Further, if the Defendant is a resident of a foreign country, "whether a judicial judgment [against the foreign defendant] is lawful depends on whether the sovereign has authority to render it." J. McIntyre Machinery, Ltd. v. Nicastro, ___ U.S. ___, 131 S.Ct. 2780, 2789 (2011). In the case of the assertion of personal jurisdiction over a foreign defendant, "personal jurisdiction requires a forum-by-forum, or sovereign-by-sovereign, analysis. The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." Id.

A person in a foreign jurisdiction "may submit to a State's authority in a number of ways." Id. at 2787. These ways include: 1) explicit consent; 2) physical presence within a State for personal service of process under that State's laws; 3) citizenship, domicile or residence for individuals, of place of business for corporations; 4) the purposeful availment of the laws of the forum; and 5) minimum contacts. Id.

In order to analyze whether a non-resident person is subject to the State's authority (in this case, Guam's authority) the Court requires a *prima facie* showing of some facts which

would support a finding of one of the five aforementioned ways of submitting to the State's jurisdiction. In this case, the Order(s) for Publication issued were unsupported and therefore, invalid, because the affidavit and verified complaint in this case failed to set forth facts to show that any of the five ways of exercising personal jurisdiction would be proper. Neither do any of the factual allegations of the verified complaint or other documents allow the Court to make a valid determination. There are no allegations of the residency of the Defendant, whether in a jurisdiction of the United States or a foreign country, which would thereby allow the Court to determine whether the Defendant is amenable to service and may be served under Guam law or foreign law, thus subjecting the Defendant to judgment in Guam. Further, because no residency of the Defendant is plead or proved, nor any activity of the Defendant in Guam, the Court cannot determine the existence of the Court's statutory or long-arm jurisdiction over the Defendant, either through minimum contacts, or the *res* of the marriage, after proper service, to thus subject the Defendant to judgment in Guam.

1) No Residency of the Defendant is Pled or Proved in order to Allow the Court to Determine the Proper Method of Service on the Defendant

The Plaintiff's verified complaint and affidavit submitted in support of service by publication and mailing are deficient for lack of allegations of the residency of the Defendant, which would thereby allow the Court to determine whether a cause of action by which the Court has jurisdiction over the Defendant exists, and what the proper form and manner of service should be. In order for the Court to properly allow service by publication and mailing, it has to appear from either the verified allegations of the complaint or the affidavit in support of service by publication and mailing that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. First, the affidavit of the Plaintiff is silent as to whether the

Plaintiff has a proper cause of action against the Defendant in Guam. Next, the complaint itself fails to factually allege that a cause of action exists against the Defendant over which this Court has long-arm jurisdiction. Finally, there are no allegations which would lead the Court to believe that the Defendant is subject to service of process through publication and mailing under the laws of Guam. In fact, the factual declarations made by the Plaintiff lead the Court to the opposite conclusion, that Defendant is a resident of a foreign country, and is therefore, not amenable to service of process through publication and mailing under Guam law.

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). CVR 10.1 of the Local Rules of the Superior Court of Guam specifically requires that the complaint "shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction *and the facts supporting jurisdiction.*" CVR 10.1 (2012)(emphasis added). The complaint for divorce is utterly devoid of any factual allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirement of GRCP Rule 8 and CVR 10.1.

The Verified Complaint for Divorce fails to meet the minimum jurisdictional requirement of 19 GCA § 8319, by failing to plead and prove the residency of the Defendant. "Residency must be pled and proved in *all* divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a) (2012) (emphasis added). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purposes of such an action, each may have a

separate domicile or residence *depending upon proof of the fact and not upon legal presumptions.*" 19 GCA § 8319(a) (emphasis added).

The Verified Complaint for Divorce is conspicuously silent in this regard. The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318; without reference to the Defendant's residence, or the Court's jurisdiction over her. This allegation ignores the residency pleading requirement of the very next statute, 19 GCA § 8319. Defendant's residency is not plead as required under 19 GCA § 8319(a) and GRCP Rule 8(a)(1), and the Court cannot presume her residency in Guam, or anywhere, under 19 GCA § 8319(a). Due to the declarations of the Plaintiff stating that the marriage occurred in Bulacan, Philippines, and that the Defendant's last known address is also in the Philippines, the Court cannot even be assured that the Defendant is a resident of a jurisdiction of the United States, and therefore subject to service under the laws of the United States and Guam.

Plaintiff must not only plead residency, but must also prove the Defendant's residency, wherever situated. Even in a consented divorce action, the Plaintiff must still plead and prove the residency of the Defendant: "[a]llegations and proof of residence or other compliance with the requirements of § 8318 of this Chapter *shall be pled and proved* in any divorce or dissolution of marriage granted upon the consent of the Defendant." 19 GCA § 8319(a)(emphasis added). The closest the Plaintiff comes to referencing the Defendant's residency is in the Affidavit in Support of Publication of Summons, wherein he claims that the "*last known mailing address* of the Defendant is: 551 4th Street Salinas Bacoor, Cavite, Philippines 4102[.]" Padigos v. Padigos, Domestic Case No. DM0113-11, Affidavit in Support of Publication of Summons, ¶ 3 (filed February 14, 2011) (emphasis added).

More importantly, if the Defendant is a resident of the Philippines, as is indicated by Plaintiff's declarations, then service authorized by the laws of Guam, including publication and posting under 7 GCA § 14106 and GRCP Rule 4(o) are not applicable, as later discussed in this opinion, and service would need to be effected under GRCP Rule 4(f).

Next, the Plaintiff's complaint also fails to plead consent. 19 GCA § 8319(b) states:

> All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment of consent from the Defendant.

Finally, and perhaps most tellingly, 19 GCA § 8319(a) states that even in consent divorce cases, "[t]he Superior Court of Guam *is not presumed to have jurisdiction over any action for divorce or dissolution of marriage* which may be filed in the Superior Court of Guam because the Defendant consents." 19 GCA § 8319(a) (emphasis added). There is no presumption of jurisdiction even where a defendant properly consents, and there is no presumption of jurisdiction where the defendant is not present or does not consent. The Court must independently find jurisdiction in each case. On this basis, it is apparent that in order for the Court to properly exercise personal jurisdiction over the Defendant and the action for divorce, he must be a resident of Guam, *see* 19 GCA § 8319, or he must consent to the action,

*see* 19 GCA §§ 8318(b) and 8319(a) and (b), or the Court must find that the Defendant has minimum contacts with the jurisdiction, *see* 7 GCA §§ 14109 and 14110.

The Plaintiff's Complaint for Divorce is conspicuously silent in all regards concerning the personal jurisdiction of the Superior Court of Guam over the Defendant. Even if the Court disregards the Plaintiff's failure to plead and prove any residency of the Defendant, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing evidence proving personal jurisdiction over the Defendant.

Plaintiff neither pleads nor proves that the Defendant was a resident of Guam or any other place, nor that the Defendant has consented to the divorce. The requirement of either consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard, so that the Court may properly find jurisdiction, and may apply the proper laws regarding service.

In the case of <u>Rinehart v. Rinehart</u>, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses, which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." <u>Id</u>. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence regarding the Defendant's residency or consent to this divorce action. The Plaintiff fails to even suggest that the requirements of 19 GCA § 8319(a) have been met, in any document filed.

The Court finds that the Plaintiff has failed her burden to plead and prove the residency of the Defendant, so that the Court may determine the applicable law, and has failed to demonstrate the personal jurisdiction of the Superior Court of Guam over the Defendant.

Based upon the proof of the facts provided to the Court, the Court declines to find that it has jurisdiction to hear the action, as the Defendant is most likely not a resident of Guam, and has not consented to this action. Unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over her, as discussed later in this opinion, the pleadings and affidavits submitted do not support the exercise of jurisdiction. *See, e.g.*, Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

In fact, the allegations of the affidavit filed which touch on the subject of the Defendant's actual residence hint that the Defendant is probably a resident of the Philippines, and not a resident of a United States jurisdiction. The Verified Complaint for Divorce states that "[t]he parties were married in Bulacan, Philippines, on 11/8/2008," and the supporting affidavit states that the "last known mailing address of the Defendant is: 551 4th Street Salinas Bacoor, Cavite, Philippines 4102[1]." Padigos v. Padigos, Domestic Case No. DM0113-11, Verified Complaint for Divorce, p. 1, part III (filed February 14, 2011); and Affidavit in Support of Publication of Summons, ¶ 3 (filed February 14, 2011). It seems most likely that the Defendant is not, nor has ever been, a resident of a United States Jurisdiction.

Rule 4(e)(1), allowing for service of process through publication under statute, is only applicable where the defendant resides in a jurisdiction of the United States. Elisan Entertainment, Inc. v. Suazo, 206 F.R.D. 335, 335–38 (D. Puerto Rico 2002). "[W]hile it is true that the current Fed.R.Civ.P. 4(e)(1) permits the use of state law to perform extraterritorial service, by its own terms, its usage is strictly limited to service upon individuals within 'any

---

[1] The Court notes that the "Affidavit in Support of Publication of Summons" of February 14, 2011, states "I, Ildefonso P. Padigos, declare as follows:" setting forth that Plaintiff, Ildefonso Padigos is the declarant, however, the signature in the signature line is that of Mark Williams. It appears that this "Affidavit in Support of Publication of Summons" was not personally declared by Ildefonso Padigos, who would have personal knowledge of the facts therein. Thus, this "Affidavit" does not conform to the requirements of 7 GCA § 14106 or 6 GCA § 4308, and is ineffective as an actual affidavit or declaration.

judicial district of the United States.'" Id., at 336. Service of process on foreign residents "must be made pursuant to Fed.R.Civ.P. 4(f)." Id. There is a special procedure for serving residents of foreign nations under Rule 4(f):

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge(sic) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

Id.

If the Defendant is not, or has never been a resident of Guam, and is, in fact, a resident of the Philippines, as indicated by the allegations of the verified complaint and the affidavit, then: 1) 7 GCA § 14106 is not applicable; and 2) service under GRCP Rule 4(f) would need to be effected as a precursor to the exercise of personal jurisdiction over the Defendant, as no evidence that a waiver has been obtained from the Defendant has been provided to the Court by the Plaintiff. Id.

The Philippines is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any other treaties or contracts regarding service with the United States. GRCP Rule 4(f)(1) is not applicable in such an instance. Therefore, if the hinted allegations that the Defendant is a resident of the Philippines are true, it appears that the Plaintiff will be required to comply with other subsections of Rule 4(f), which require service under the laws of the foreign country in which the Defendant resides, rather than U.S. laws. See id. at 338 (since Dominican Republic is not signatory nation of Hague Convention and United States does not

have applicable international agreement with Dominican Republic, plaintiff was required to provide service of process on defendant using method provided by Rule 4(f)(2), and service of summons by publication as permitted under Rule 4(e)(1) was denied as inapplicable and ineffective). There are no exceptions to these foreign service requirements, and the Court may not apply its own local laws to override international law. *See, e.g.,* Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (compliance with the service requirements of the Hague Convention under Rule 4(f) is mandatory when serving a foreign defendant in a signatory country); and Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522, 534 n. 15, (1987).

Perhaps most importantly, if the Defendant is a resident of the Philippines, Rule 4(l) regarding proof of service, contains a special provision for proving foreign service, specifically requiring that if process is served in a foreign country by any of the methods described in Rule 4(f)(2) or Rule 4(f)(3), the proof of service must include a receipt signed by the addressee or other tangible evidence of delivery to the addressee which is satisfactory to the court. GRCP Rule 4(l) (2012) ("Proof of service in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions shall, . . .if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."). For the obvious reason that a foreign Defendant will usually not be present in the forum jurisdiction, this requirement is intended to assure the Court that the process was properly served in the foreign country. Only upon the provision of this proof of service may the Court be assured that it may properly exercise personal jurisdiction over the foreign Defendant.

The Court currently has no proof of residency, and no proof of service if the Defendant is a resident of the Philippines. Until the Plaintiff complies with Rule 8(a), CVR 10.1, and 19 GCA § 8319(a), and provides the Court with the Defendant's actual place of residence, the Court will be unable to determine whether the Defendant is subject to 7 GCA § 14106, and service under the laws of Guam, or service under Rule 4(f) and the laws of a foreign jurisdiction. The Court will further be unable to determine whether proper service is thereafter effected under the correct and applicable laws, *see* Rule 4(f) and (1), and thereby determine if it has acquired personal jurisdiction over the Defendant in order to enter a valid judgment.

The affidavit and the verified complaint fail to establish the Defendant's residency GRCP Rule 8(a) such that the Court may determine the appropriate method of service, whether under Rule 4(e) and 7 GCA § 14106 (if applicable), or Rule 4(f), and thereby, through proper service, establish the Court's jurisdiction over the Defendant. Because residency of the Defendant has not been established, the Orders for Publication, issued on February 21, 2011, and October 31, 2011, must be VACATED.

2) Jurisdiction Over the "Res" of the Marriage Requires Service

Because the Plaintiff has failed to plead or prove the residency of the Defendant in any United States jurisdiction or even any foreign jurisdiction, the Court is unsure whether the Defendant is a Guam resident or non-resident. The Court can only surmise, based upon the absence of allegations regarding the Defendant's residency, the allegations of the place of the marriage, and the allegations regarding the Defendant's "last known address" that the Defendant is, most likely, not a resident of Guam, and is more likely a permanent resident of a foreign country, i.e., the Philippines.

The Plaintiff argues that each state may define the contours of its own exercise of personal jurisdiction over non-resident defendants, particularly with regard to divorces. This Court agrees. The Plaintiff argues that under the holding of Williams v. North Carolina, 317 U.S. 287 (1942) ("Williams I"), the domiciliary of the petitioning party gives the forum court jurisdiction over the *res* of the marriage, thus immediately allowing a forum court to exercise jurisdiction over a non-resident defendant. The Plaintiff over-generalizes the holding of Williams I. There are two pertinent holdings in Williams I: 1) each state may choose, within its own borders, whether to exercise limited jurisdiction over the marriage relation and over non-resident defendants; and 2) after legislating the exercise of jurisdiction, the state may exercise this jurisdiction, so long as there is no "constitutional barrier" imposed by lack of service, i.e., the form and nature of "service meet the requirements of due process." Id. at 298–99.

Plaintiff also fails to mention that there was a second determination of the Williams case, in Williams v. North Carolina, 325 U.S. 226 (1945) ("Williams II"), in which the Supreme Court upheld Williams' conviction for bigamous cohabitation in North Carolina, notwithstanding the fact that a Nevada court had granted him a divorce, because there was proof that the Nevada court had no jurisdiction to enter the divorce decree originally, and that the issues in the Nevada court had not been "litigated in a truly adversary proceeding." Id. at 229–30, and n.6. Williams I was succeeded in Estin v. Estin, 334 U.S. 541 (1948), again analyzing the extent of Nevada's divorce jurisdiction, and upholding the divorce status, but dissolving all other aspects of the divorce decree on the basis of lack of personal service. Id. at 549. "We can put to one side the case where the wife was personally served or where she appears in the divorce proceedings. Cf. Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Sherrer v. Sherrer, 334

U.S. 343, 68 S.Ct. 1087; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094. The only service on her in this case was by publication and she made no appearance in the Nevada proceeding." Id. at 544. "The Nevada decree that is said to wipe out respondent's claim for alimony under the New York judgment is nothing less than an attempt by Nevada to restrain respondent from asserting her claim under that judgment. That is an attempt to exercise an *in personam* jurisdiction over a person not before the court. That may not be done." Id. at 548–49. Estin was itself succeeded in Burnham v. Superior Court of California, County of Marin, 495 U.S. 604 (1990), wherein the Supreme Court of Guam upheld a decree of divorce granted against the Petitioner in California, in contravention of his first filed action for divorce in New Jersey, where the Petitioner was properly served in person while he visited California, but "Petitioner did not, however, obtain an issuance of summons against his wife and did not attempt to serve her with process." Id. at 607 and 616–18. All of these holdings emphasize the requirement of valid service of process in order for a court to enter a valid decree of divorce.

In any event, the two holdings of Williams I are not met in this case. First, Guam has chosen its method for the exercise of jurisdiction over non-resident defendants, even in divorce actions, through its adoption of California's long-arm statute. Second, as previously discussed in this opinion, it is apparent that the Defendant is a non-resident (foreign) defendant who has not been properly served, thus posing a constitutional due process barrier to the exercise of personal jurisdiction. *See* Williams I, 217 U.S. at 299; and Burnham, 495 U.S. at 607.

In In re Marriage of Malak, 182 Cal.App.3d 1018 (Cal. App. 3d Dist. 1986), the California Court of Appeals determined whether California could exercise personal jurisdiction over the husband, who was a foreign non-resident defendant in a divorce action. The court found that it was required to determine whether due process requirements would be met in an

assertion of jurisdiction. Id. at 1023. The court found that the amended petition for dissolution of marriage, "summons, and a motion for orders pended lite were duly served on husband." Id. at 1022. However, the court found that it was required to find minimum contacts to ensure that "the imposition of jurisdiction should be both constitutionally justified and 'fair.'" Id. at 1024. On this basis, the court quashed the service on the defendant for all purposes of the action, except for the issue of child custody. Id.

Under the reasoning of this case, it appears that California courts refuse to exercise long-arm jurisdiction over foreign residents for the purposes of dissolution of marriage, unless minimum contacts are established. 7 GCA § 14109, Guam's long-arm statute, was adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. The Supreme Court of Guam has specifically adopted the minimum contacts test regarding personal jurisdiction over non-resident defendants in Guam under 7 GCA § 14109, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that *the maintenance* of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano v. Surla, 2010 Guam 2 ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted))(emphasis added). Accordingly, Guam has chosen its method of exercising jurisdiction over non-resident defendants, even in a divorce action, through its adoption of California's long-arm statute, and it requires minimum contacts with Guam.

Perhaps more directly on point, and more closely analogous to the facts presented in this case, in Saysavanh v. Saysavanh, 145 P.3d 1166 (Utah App. 2006), Husband filed an amended petition for divorce in Utah seeking dissolution of marriage from Wife, who lived in Mexico. Id. at 1167. Approximately one week later, Husband filed a motion for alternative service

pursuant to Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure. Id. Like the Guam Rules of Civil Procedure, the Utah Rules of Civil Procedure were directly derived from the Federal Rules of Civil Procedure. The trial court granted the motion for alternative service, and the next month, the court clerk mailed an Amended Verified Petition for Divorce, a summons, a Motion for Order to Show Cause, and an Order to Show Cause to Wife in Mexico, requesting a return receipt. Id. at 1167–68. The receipt was later returned to the court clerk unsigned and without any other indication that the documents had been delivered to Wife. Id. Wife did not appear at the hearing to show cause. Id. Despite Wife's absence, the trial court granted Husband's motion for order to show cause, and subsequently entered a default decree of divorce. Id. Upon becoming aware of the default divorce decree, Wife immediately obtained counsel in Utah and filed a motion to set aside the default decree of divorce pursuant to Rule 60(b) on the basis of lack of personal jurisdiction. Id. The trial court denied the motion to set aside the default decree and held that Husband "made every effort possible to apprise [Wife] of the divorce proceedings, including strict compliance with Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure." Id.

The Court of Appeals of Utah reversed the trial court's decision, finding that where the rules set forth a particular manner of effecting international service, that manner of service is controlling and strict compliance is required, stating:

> Rule 4 of the Utah Rules of Civil Procedure governs service of process, and subsection 4(d)(3) specifically governs service of process in a foreign country. See Utah R. Civ. P. 4(d)(3). In order to determine which part of subsection 4(d)(3) is applicable, we first assess whether there is an internationally agreed means of service in Mexico, "such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Utah R. Civ. P. 4(d)(3)(A). If there exists an internationally agreed means of service between the countries, rule 4(d)(3)(A) is applicable. See id. If there is no internationally agreed means of service, rule 4(d)(3)(B) is applicable. See Utah R. Civ. P 4(d)(3)(B).

Id.

Finding that Husband had served Wife under Rule 4(d)(3)(B), instead of Rule 4(d)(3)(A), the appellate court held that the default decree of divorce was improperly entered against Wife: "Husband has failed to properly serve Wife according to rule 4(d) of the Utah Rules of Civil Procedure and the Hague Service Convention. As a result, service of process was not properly effectuated and the trial court lacks personal jurisdiction. We therefore reverse the trial court's denial of Wife's motion to set aside the default decree of divorce." Id. at 1169.

Similarly, in Ward v. Ludwig, 778 N.E.2d 650 (Ohio Ct. App. 2002), following the entry of a default decree of divorce, Wife, a German citizen, entered an appearance for limited purpose of contesting the trial court's jurisdiction and petitioning to vacate the judgment. Id. at 651. The trial court denied the petition. Id. The Ohio Court of Appeals overturned the trial court, holding that the decree of divorce was void for lack of service. Id. at 652–53. The appellate court found that Husband, who filed the action while Wife was living in Germany, was required to comply with provisions of Hague Service Convention, which was adopted by Germany, and even though Wife had received actual notice of the complaint and related papers, it was error for the trial court to allow alternative service by registered mail. Id.

The point of these cases is clear. In order for the trial court to enter a valid and binding decree of divorce against a resident of a foreign nation, service must be validly made in that country under the proper rule of procedure, and any applicable international service provisions. Service which does not comply with the specifically applicable foreign service provision is invalid, and no judgment may be entered thereon. Moreover, service of summons will not issue, or should be quashed, if the Plaintiff does not demonstrate that the foreign resident defendant has a sufficient a connection to the forum in which the Plaintiff seeks the summons. In re Marriage of Malak, 182 Cal.App.3d 1018, 1024 (Cal. App. 3d Dist. 1986).

### 3) Notions of Fair Play and the Interests of Justice in the Absence of Explicit Consent

As a final jurisdictional consideration, the Court acknowledges that the first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce when only one party is a resident of Guam, as permitted in Williams I. However, the language of this statute is *permissive*. The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is mandatory and may is permissive." 1 GCA § 724(9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this first statute. The Court may do so, in its discretion, however, in order to allow the Court to exercise its discretion, the Plaintiff must meet all of the requirements of this Chapter, including: pleading and proving the residency of the Defendant, so that the Court may make the most informed decision regarding the entire action; proof of proper service of process; satisfactory proof of a constitutional basis for personal jurisdiction; and satisfactory proof that Guam is the best forum for the action. This idea is later emphasized in 19 GCA § 8320, which states in relevant portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice*." 19 GCA § 8320 (emphases added).

Most significantly, the first sentence of 19 GCA § 8318(a) cannot be read in isolation. When read in conjunction with 19 GCA §§ 8318(b) and 8319, it appears that a divorce should be granted when only one party is a resident of Guam AND the other party consents and submits themselves to the jurisdiction of the Superior Court. When considered in light of the

mandates of the United States Constitution and the Organic Act of Guam that the Superior Court of Guam cannot exercise jurisdiction over a non-resident defendant in the absence of consent, it is apparent that the other manner in which the Superior Court may exercise jurisdiction over a divorce action when only one party is a resident of Guam is when the non-resident defendant is validly served with process.

The Court is not making the finding that a divorce can never be granted when only one party is a resident of Guam, but rather, is making the finding that under Guam's long-arm statute, when only one party is a resident of Guam, in order to grant the dissolution of the marriage, either: 1) the non-resident Defendant must consent to the jurisdiction of the Superior Court of Guam; or 2) the Court should be able to find minimum contacts with Guam in order to abide by the Constitution and the Organic Act, so as not to violate the interests of justice. Above all, the Court must have proper proof of service of process or a validly executed waiver of service in order to exercise its jurisdiction.

In this case, as plead, the Court finds none of the hallmarks of the notions of fair play, and finds nothing to show that the grant of this divorce would be in the interests of justice. This appears to be a divorce by surprise against a non-resident Defendant (perhaps a resident of a foreign country) with no ties to Guam, who has not been properly served, nor received actual notice of the proceedings. The method of service already attempted by the Plaintiff does not conform to the proper methods of effecting international service, in that it appears that the Defendant is most likely a resident of the Philippines, and personal service under GRCP Rule 4(f) has never been attempted.

The Court finds that even if Guam law permits the Superior Court of Guam to divide the action for divorce and enter a decree divorcing the parties based on the residence of one of the

parties, the holdings of <u>Williams I</u> and <u>Nicastro</u> require that the Court must have proof that its exercise of personal jurisdiction over the Defendant does not violate the due process clause, in the form of proof of proper service. <u>Williams I</u>, 317 U.S. at 299; *see also* Rule 4(f) and 4(l); and <u>Nicastro</u>, 131 S. Ct. at 2787 and 2789–90. The Court is not apprised of the Defendant's current residency, such that the complaint is in violation of statutory requirements, the Local Rules of the Superior Court, and the service requirements of GRCP Rule 4. Because the complaint is silent regarding the Defendant's residency, the Court is unable to determine: 1) whether service under the laws of Guam and the United States, including 7 GCA 14106, is applicable to the Defendant; and 2) whether Guam is an appropriate forum for this action. There appears to be no reason that the Plaintiff cannot comply with the pleading provisions of 19 GCA § 8319(a), and inform the Court of the Defendant's current residence. If the Defendant is a resident of the Philippines, then it appears that service can only be made in accordance with GRCP Rule 4(f)(2) or (3), and Plaintiff's request for service through 7 GCA § 14106 is inapplicable. Without any plain allegations as to the residency of the Defendant, other than those allegations which indicate that the Defendant is a resident of a foreign nation, the Plaintiff has failed to convince the Court that justice will be served by any attempt to exercise jurisdiction over the Defendant at this time, and the Complaint for Divorce is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

Based upon its review of the complaint and other documents as part of the Court's analysis of personal jurisdiction made pursuant to the Plaintiff's request for default judgment, the Court finds that the Plaintiff has failed to plead and prove the residency of the Defendant in any United States Jurisdiction, and fails to allege any means by which the Court could exercise

personal jurisdiction over the Defendant in consideration of the notions of fair play and justice. The Plaintiff has failed to plead the residency of the Defendant in order for the Court to determine whether the Defendant is subject to service of process under 7 GCA § 14106, as permitted by Rule 4(e) and the laws of Guam, or whether the Defendant is a resident of a foreign country who must be served in accordance with Rule 4(f). Under the facts declared by the Plaintiff in his current complaint and other affidavits, the Defendant is not a resident of a United States jurisdiction, and 7 GCA § 14106 is not applicable; rather, GRCP Rule 4(f) must be applied. Currently, the Plaintiff has plead and proved facts which highly suggest that the Defendant is only subject to service under Rule 4(f), thus negating service by publication and mailing under the laws of Guam, as permitted under Rule 4(e)(1), and thus requiring that the Orders for Publication issued by the Court on February 21, 2011, and October 31, 2011 be VACATED.

Consequently, as the Court has no proof of residency and proper service based thereon, *see* Rule 4(l), the request for entry of default judgment is DENIED. Further, although the time limit of Rule 4(m) is generally inapplicable to service in a foreign country under Rule 4(f), when service has not even been attempted in a foreign country, even though it is possible to make service there, the time limitation of Rule 4 has been held applicable and a dismissal for a failure to satisfy it sustained. *See* <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737, 740 (2d Cir. 1985). As the evidence currently before the Court indicates that the Defendant is a resident of a foreign country who is only subject to service under Rule 4(f), and the time to prove proper service under Rule 4(m) has expired without even an attempt to effect service in the foreign country within the time limit, the Complaint for Divorce is also DISMISSED without prejudice, with LEAVE TO AMEND within thirty (30) days of the date of this order.

This dismissal is effected in order to allow the Plaintiff an opportunity to plead and prove some facts regarding residency and service which would allow this Court to make a finding that an exercise of personal jurisdiction over the Defendant would be proper. Plaintiff must plead and prove the residency of the Defendant as required under 19 GCA §8319, CVR 10.1, and GRCP Rule 8(a), in order to allow the Court to determine what manner of service is applicable to the Defendant under GRCP Rule 4, and thereupon determine whether such service of process has been made. Otherwise, the Plaintiff must plead and prove facts regarding the explicit consent of the Defendant, the minimum contacts of the Defendant, or other facts sufficient for the Court to authorize alternative service and acquire long-arm jurisdiction over the Defendant such that it does not offend the notions of fair play and justice under 7 GCA §§ 14109, the Organic Act, and the United States Constitution.

**IT IS SO ORDERED** this ___AUG 2 0 2012_____ .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 2 0 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam